UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHELSEA HOGARTY,

    Plaintiff,

v.                                                      Case No: 6:23-cv-1926-JSS-EJK

MEMORIAL HEALTH SYSTEMS,
INC.,

    Defendant.
_____/

## ORDER

Defendant Memorial Health Systems, Inc. moved to dismiss Plaintiff Chelsea Hogarty's Complaint, (Dkt. 3), pursuant to Federal Rule of Civil Procedure 12(b)(6) contending she failed to sufficiently allege a claim for a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219 (Dkt. 13). Plaintiff opposes Defendant's motion. (Dkt. 16.) Upon consideration and for the reasons stated below, Defendant's motion is denied.

## BACKGROUND

Plaintiff filed her Complaint pursuant to the FLSA contending Defendant failed to pay her overtime wages (Count I) and breached an oral contract to pay gas mileage for work-related travel (Count II). (Dkt. 3.) According to the Complaint, Plaintiff was employed by Defendant from approximately June 27, 2022 through June 20, 2023 as a billing specialist assistant. (*Id.* ¶¶ 4, 9.) Plaintiff maintains that "[t]hroughout her

employment, [Defendant] verbally agreed to pay her gas mileage for [work-related] travel," but failed to do so. (Dkt. ¶¶ 18, 30-32.) Additionally, Plaintiff alleges Defendant violated the FLSA by failing to pay her "time and one half her regular rate of pay for each hour worked in excess of 40 per week in [one] or more work weeks." (Dkt. 3. ¶¶ 6, 25.) Further, Plaintiff contends that Defendant is covered under the provisions of the FLSA as Defendant is an employer as defined in the FLSA, Defendant's annual gross revenue exceeds $500,000 annually, Defendant employs at least two employees and is engaged in commerce. (*Id.* ¶¶ 10-14.)

## APPLICABLE STANDARDS

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (citing *Adinolfe v. United Techs. Corp.,* 768 F.3d 1161, 1169 (11th Cir. 2014)).

To state a claim sufficient to survive a motion to dismiss, a pleading must allege facts that reasonably demonstrate evidence exists to support the plaintiff's claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). "Rule 8's pleading standard 'does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). To survive dismissal, a litigant may not solely put forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Instead, the plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Factual allegations that are "'merely consistent with a defendant's liability,' however, are not facially plausible." *Urquilla-Diaz*, 780 F.3d at 1051 (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Defendant moves to dismiss the Complaint contending "Plaintiff's conclusory allegations run afoul of the basic pleading requirements" set forth in *Twombly* and *Iqbal.* (Dkt. 13.) Defendant explains that Plaintiff fails to properly allege "her rate of pay, type of work performed, or purported hours worked each workweek" as required by the FLSA. (*Id.*) Further, Defendant maintains that Plaintiff's breach of contract claim includes the same deficiencies as Plaintiff failed to allege facts "to plausibly

suggest the existence or breach of a valid agreement between Plaintiff and Memorial Health." (*Id.*)  The court disagrees.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).  To establish a claim for a violation of the FLSA, a plaintiff must allege:  (1) that she was employed by the defendant during the relevant time; (2) that she was engaged in commerce or employed by an enterprise engaged in commerce; and (3) that the defendant failed to pay her overtime compensation and/or minimum wages as required by the FLSA.  29 U.S.C. § 207(a); *Powell v. Morton Plant Mease Health Care, Inc.*, 174 F. App'x 520, 521 (11th Cir. 2006).  The Eleventh Circuit has explained that the "elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Labbe*, 319 F. App'x at 763; *see also Cooley v. HMR of Ala., Inc.*, 747 F. App'x 805, 808 (11th Cir. 2018) (FLSA allegations were sufficient to "give the defendant fair notice of the employees' claims and the grounds upon which they rest"); *Rivera v. Golfview Golf & Racquet Club Cmty. Ass'n, Inc.*, No. 2:14-cv-718-FTM-38DNF, 2015 WL 12861168 at *3 (M.D. Fla. Mar. 12, 2015) (FLSA allegations were sufficient to allege a claim and "[a]t this state of the proceedings, no more is required").  Here, Plaintiff alleged that she worked for Defendant as a billing specialist assistant, engaged in commerce, and that Defendant failed to pay overtime compensation from June 27, 2022 through June 20, 2023 during her employment.  These allegations, along

with the additional allegations in the Complaint, are sufficient to give Defendant notice of the claims against it and the grounds upon which they rest.

Further, Plaintiff's claim that Defendant breached an oral contract by failing to pay her gas mileage for travel-related expenses is also sufficiently pled. To establish a claim for a breach of an oral contract, a plaintiff must allege: (1) the existence of a valid contract; (2) a material breach; and (3) damages. *Syrainfotek, LLC v. Sakirrola*, No. 8:20-cv-797-T-33CPT, 2021 WL 7161942 at *3 (M.D. Fla. Jan. 12, 2021). The Complaint sufficiently meets the minimum pleading requirements for this claim.

Accordingly, it is **ORDERED**:

1. Defendant Memorial Health Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial (Dkt. 13) is **DENIED**.

2. Defendant shall respond to the Complaint as provided in Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on September 3, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record